Gary Lynn Stewart v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-200-CR

GARY LYNN STEWART APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury found Appellant Gary Lynn Stewart guilty of aggravated sexual assault of a child and assessed his punishment at confinement for life and a $10,000 fine.  In a single point on appeal, Stewart contends that the trial court erred by “denying the defendant a hearing outside the presence of the jury on the search and seizure objections in order to allow the defense to demonstrate the illegality of the search.”  We will affirm.

In order to complain on appeal about the trial court’s failure to conduct a hearing or other inquiry, the party must have requested the hearing unless the rule, statute, or other law conferring the right to a hearing provides that the trial court has a duty to sua sponte conduct one.  
McGinn v. State
, 961 S.W.2d 161, 165 (Tex. Crim. App. 1998).  Here, Stewart did not file a motion to suppress
(footnote: 2) or ask the trial court to conduct a hearing outside the presence of the jury on the legality of the search.  Stewart does not cite any rule, statute, or other law requiring the trial court to sua sponte conduct a hearing outside the presence of the jury when appellant objects to the introduction of the fruits of a search nor are we aware of any such rule, statute, or law.  Consequently, this issue is not preserved for our review.  
See
 
Tex. R. App. P.
 33.1; 
McGinn
, 961 S.W.2d at 165.  Moreover, Stewart does not challenge the issuance of the search warrant that expressly authorized police to search his room for “Video Tapes, Sexual Aid Devices, Magazines, Photographs, Undeveloped Film, Negatives, Personal Papers and Writings.”  Consequently, any illegality of the seizure of video tapes made pursuant to the search warrant is not before us.

We overrule Stewart’s sole point and affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: April 17, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
We do not hold that a motion to suppress is required to preserve this issue, but it is certainly one vehicle available to the defendant to apprize the trial court of his desire for a hearing outside the jury’s presence regarding the legality of the search.